UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THE HELENE NEWMAN FAMILY TRUST
Petitioner,

v.

LALI SARA DATS
ZACH DATS
Respondents.

ORDER
26-CV-4811 (NRM) (VMS)

NINA R. MORRISON, United States District Judge:

On September 11, 2026, Respondent Lali Sara Dats ("Ms. Dats" or "Respondent"), appearing *pro se*, removed a state court eviction proceeding lodged against her (the "state court action") from Kings County Civil Court to this Court. Notice of Removal, ECF No. 1. The state court action related to efforts by The Helene Newman Family Trust (the "Newman Trust" or "Petitioner") to evict Ms. Dats from her home, located at 1323 55 Street, Apt. 3, in Brooklyn, New York. *Id.* Three days later, on September 14, 2026, the state court awarded judgment against Respondents and directed issuance of a warrant of eviction. *The Helene Newman Family Trust v. Zach Dats et al.*, No. LT-303616-26/KI, Dkt. 34 (Kings Cty. Civ. Ct.). That warrant was issued by City Marshal Edward F. Guida on September 24, 2026, *id.*, Dkt. 36, and the next day, Ms. Dats moved this Court for a temporary restraining order ("TRO") to stay the warrant's execution. TRO Motion, ECF No. 5.

For the reasons set forth below, the Court temporarily enjoins enforcement of the warrant of eviction to "maintain the status quo" pending a final determination of its jurisdiction over the removed action. *United States v. Thompson*, 319 F.2d 665, 667 (2d Cir. 1963).

**BACKGROUND**

On January 1, 2026, a Chapter 7 bankruptcy action was filed against Ms. Dats concerning two outstanding loans to Petitioners Alex Namirovskey and Yechezkel Gombo. *In re Lali Sara Dats*, No. 26-22024 (SHL), Involuntary Petition, ECF No. 1 (Bankr. S.D.N.Y. 2026). That proceeding appeared to relate to a mortgage encumbering real property located at 7100 Radice Court, Apt. 606, Lauderhill, Florida 33319. *In re Lali Sara Dats*, No. 26-22024 (SHL), Motion for Relief, ECF No. 8, at 1. Ms. Dats appears to have believed, at the time, that this bankruptcy action related to her home at 1323 55 Street, Apt. 3, Brooklyn, NY. Notice of Removal, ¶¶ 1–2 (citing her Brooklyn residence as the "subject premises" in the bankruptcy action). Shortly thereafter, on February 5, 2026, that same Brooklyn residence became the subject of state court eviction proceedings. Notice of Removal, Ex. A.

On August 17, 2026, the bankruptcy action against Ms. Dats was dismissed for failure to prosecute. *In re Lali Sara Dats*, No. 26-22024 (SHL), Dismissal Order, ECF No. 23 (Bankr. S.D.N.Y. 2026). Ms. Dats, who has no access to electronic filings, has attested that she did not learn of the dismissal until September 18, 2026. TRO Motion, Decl. ¶ 19. Before that date, on September 11, 2026, Ms. Dats filed a Notice of Removal with this Court, served the notice on the Petitioner, and filed a Notice of Filing of Notice of Removal with the Kings County Court Clerk. TRO Motion, Decl. ¶¶ 9, 10; *The Helene Newman Family Trust v. Zach Dats et al.*, No. LT-303616-26/KI, Dkt. 31 (Kings Cty. Civ. Ct.). In her Notice of Removal, Ms. Dats relied on 28 U.S.C. §§ 1334(b), 1334(e)(1), 1452(a) and Fed. R. Bankr. P. 9027 as the

basis for this Court's jurisdiction. Notice of Removal, ¶ 7.

On September 14, 2026 — three days after Ms. Dats filed her Notice of Removal with this Court and with the Kings County Court — the Kings County Court awarded a judgment in favor of Petitioner and directed a warrant of eviction to be issued. *The Helene Newman Family Trust v. Zach Dats et al.*, No. LT-303616-26/KI, Dkt. 35 (Kings Cty. Civ. Ct.). That warrant was issued on September 24, 2026, by City Marshal Edward Guida. *Id.*, Dkt. 36.

On September 25, 2026, Ms. Dats moved this Court for an order restraining the enforcement of the warrant of eviction. TRO Motion at 1. Marshal Guida then entered a notice of eviction on October 16, 2026, which established Monday, November 2, 2026, as Ms. Dats's earliest possible eviction date. *The Helene Newman Family Trust v. Zach Dats et al.*, No. LT-303616-26/KI, Dkt. 37. On October 23, 2026, Ms. Dats's husband, Respondent Zach Dats, moved the state court to vacate the warrant, arguing that it was invalid because it post-dated the Notice of Removal. *Id.*, Dkt. 38. The state court declined to do so, indicating among its listed reasons for denying the motion, that there had been "[n]o stay [issued] by Federal ct." *Id.*

On October 26, 2026, in light of the fact that the notice of eviction informed Ms. Dats that the city marshal may seek to enforce the warrant and evict her from her home as early as November 2, 2026, Ms. Dats filed a supplemental letter motion asking this Court to expeditiously resolve the pending application for a TRO. ECF No. 6.

## DISCUSSION

As a threshold matter, Ms. Dats's request for an emergency order staying enforcement of the warrant of eviction comes before this Court at a time when it is unclear whether the Court presently has subject matter jurisdiction over the removed action. Among other reasons, the record now indicates that the related bankruptcy action against Ms. Dats, which formed the basis for her assertion of jurisdiction in her Notice of Removal, was — unbeknownst to Ms. Dats — dismissed for failure to prosecute on August 17, 2026, approximately three weeks before she removed the action to federal court on September 11, 2026. After Ms. Dats learned of the dismissal of the bankruptcy action, she so informed the Court, and now concedes that this Court may well "lack[] subject-matter jurisdiction over the removed proceeding." TRO Motion, Decl. ¶¶ 19–20, 22. However, this Court has an independent duty to determine whether that is the case, especially in light of the fact that Ms. Dats is appearing *pro se*. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) ("[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights") (citation modified).

On the present record, it appears, at a minimum, that when Ms. Dats filed the Notice of Removal, she had a good faith belief that this Court had subject-matter jurisdiction. TRO Motion, Decl. ¶ 19. And at this time, additional questions remain as to the Court's jurisdiction and the status of the various proceedings at issue. To start, the Petitioner in the state court action (the Newman Trust) has yet to enter an

appearance before this Court or otherwise respond to Ms. Dats's request for injunctive relief. Further, it is unclear whether Ms. Dats intended to file the instant case in this Court or instead to file it with the Bankruptcy Court. *See* Notice of Removal at 1 ("This Notice is filed with the Clerk of the Bankruptcy Court as the clerk for this district under Fed. R. Bankr. P. 9027(a)(1) and 9001(3), and the Removed Proceeding stands referred to the bankruptcy judges of this district"); *see also id.* at 3 (citing 11 U.S.C. § 362(a)(2)). If that is the case, the Court will need to consider whether transfer to the Bankruptcy Court is appropriate. *See e.g.*, *In re Plumeri*, 434 B.R. 315, 319–22 (S.D.N.Y. Aug. 2, 2010) (noting that while BAPCPA prevents 11 U.S.C. § 362(a)(3)'s automatic stay from applying to evictions, exceptions remain where a debtor can secure a stay of eviction through 11 U.S.C. §§ 362(l)(1) and (5)).

However, even before a federal district court finally resolves an open question as to its subject matter jurisdiction, it has the "inherent power . . . complementary to the courts' law-declaring function . . . to exercise jurisdiction to determine whether it has jurisdiction over a given matter." *Turedi v. Coca Cola Co.*, 460 F.Supp.2d 507, 513 (S.D.N.Y. Nov. 2, 2006), *aff'd* 343 F. App'x 623 (2d Cir. 2009) (citation omitted). That power "occupies the repository of judicial power conferred by Article III of the Constitution." *Id.* This "critical interim authority," *id.*, gives a district court "the power to preserve existing conditions while it [i]s determining its own authority to grant injunctive relief." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947). Thus, federal courts always "have jurisdiction to determine its own jurisdiction," especially given "a federal court may have to examine . . . the facts and

the law before concluding whether jurisdiction is appropriate." *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 374 (2d Cir. 2005) (citation omitted).

For this reason, and in light of the imminent potential execution of the warrant of eviction that is the subject of the parties' underlying dispute, the Court finds that a temporary injunction is appropriate "to maintain the status quo" pending determination of the jurisdictional issues before it. *United States v. Thompson*, 319 F.2d 665, 667 (2d Cir. 1963).

Furthermore, as Ms. Dats correctly observes, *see* TRO Motion at 1, under 28 U.S.C. § 1446(d), where a notice of removal has been filed and "written notice thereof" is given "to all adverse parties" and filed "with the clerk of such State court," removal is effected and "the State court *shall proceed no further* unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis supplied). Ms. Dats appears to have complied with these requirements: on the day she filed her Notice of Removal with this Court, she served the Notice of Removal on the Petitioner and filed a Civil Court Notice of Filing of Notice of Removal with the state court. TRO Motion, Decl. ¶ 10; *The Helene Newman Family Trust v. Zach Dats et al.*, No. LT-303616-26/KI, Dkt. 31 (Kings Cty. Ct. Sept. 11, 2026).

If Ms. Dats indeed complied with § 1446(d), then the state court may have lacked the authority to enter the September 14, 2026 judgment against her and to issue a warrant of eviction. *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 63 (2020) ("once a notice of removal is filed . . . [t]he state court loses all jurisdiction over the case, and, being without jurisdiction, its

subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void.") (citation and quotations omitted). The state court's decision to issue the warrant, notwithstanding the notice of removal having been filed three days earlier, may have been grounded in a misapprehension that further action from this Court was necessary to stay the eviction proceedings. *See The Helene Newman Family Trust v. Zach Dats et al.*, No. LT-303616-26/KI, Dkt. 38 (denying motion to vacate the warrant and noting that there had been "[n]o stay by Federal ct"). To the contrary, a stay on further action by the state court operates automatically after a case has been removed, since "'[t]he state court is deprived of jurisdiction to proceed with the removed action unless and until the case is remanded, irrespective of whether the action is removable.'" *U.S. ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227 (2d Cir. 1971) (quoting 1A Moore Federal Practice ¶ O.168[3.-8], at 1306 (2d ed. 1965)). And finally, because § 1446(d) falls under a well-recognized exception to the Anti-Injunction Act, this Court can enter an injunction enforcing its terms. *See Mitchum v. Foster*, 407 U.S. 225, 234 (1972); *Gov't Emps. Ins. Co. v. Patel*, 166 F.4th 280, 300 (2d Cir. 2026) (Park J., concurring); *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1255 (11th Cir. 1988) (just as federal courts can enjoin state courts from proceeding in a removed case, so too they can enjoin state courts from enforcing its judgment).

Thus, to preserve the status quo pending further proceedings (including, but not limited to, a determination of whether this Court presently has jurisdiction over the removed state court action), a temporary injunction barring enforcement of the warrant of eviction is appropriate. Accordingly, the Court enters the following order:

> The Helene Newman Family Trust, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order, including, but not limited to, Kings County City Marshal Edward Guida, and any and all other City Marshals, are hereby ENJOINED from enforcing the Warrant of Eviction dated September 24, 2026, Index No. 303616/26, Marshal's Docket # 69720, against Lali Sara Dats and Zach Dats, residents of 1323 55 Street, Apartment 3, Brooklyn, NY 11219, until further Order of this Court.

This Order shall expire on November 12, 2026, at 4:00 P.M., unless it is extended for good cause or otherwise.

The Clerk of Court is respectfully directed to send a copy of this Order to Respondents Lali Sara Dats and Zach Dats at the address provided, and to send a copy of this Order via email, deliverable to saralalidats@gmail.com, and to note the respective mailings on the docket.

The Clerk of Court is also directed to mail a copy of this Order to Jonathan S. Roller, attorney for Petitioner, The Helene Newman Family Trust.

The Clerk of Court is further directed to mail a copy of this Order to the Clerk of Court, New York City Civil and Housing Court, Kings County Branch, 141 Livingston Street, Brooklyn, NY 11201.

The Clerk of Court is additionally directed to mail a copy of this Order to the City Marshals Bureau, 180 Maiden Lane, New York, NY 10038.

Finally, because it appears that the names of the parties to this action were not correctly entered on the electronic docket after Ms. Dats manually filed her Notice of Removal, the Clerk of Court is respectfully directed to correct the case caption of this matter on the electronic docket so that it is consistent with the caption of this Order.

SO ORDERED.

/S/
NINA R. MORRISON
United States District Judge

Dated: October 28, 2026
Brooklyn, New York