UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THE HELENE NEWMAN FAMILY TRUST
Petitioner,

v.

LALI SARA DATS
ZACH DATS
Respondents.

ORDER
26-CV-4811 (NRM) (VMS)

NINA R. MORRISON, United States District Judge:

On October 28, 2026, this Court temporarily enjoined enforcement of a warrant of eviction issued in a removed state court proceeding to "maintain the status quo" pending a final determination of its jurisdiction. *United States v. Thompson*, 319 F.2d 665, 667 (2d Cir. 1963). Because the Court has now determined it lacks subject matter jurisdiction, this action is remanded to the state court pursuant to 28 U.S.C. § 1447(c), with all pending motions dismissed as moot.

**RELEVANT BACKGROUND**

The Court incorporates in full the factual background laid out in its previous Order dated October 28, 2026. *See Helene Newman Family Trust v. Dats*, No. 26-CV-4811 (NRM) (VMS), 2026 WL 3229151, at *1–2 (E.D.N.Y. Oct. 28, 2026). Of relevance here, on September 11, 2026, Respondents removed a state court eviction proceeding to this Court by filing a notice of removal, giving notice to the state court clerk, and serving notice on Petitioner. Notice of Removal, ECF No. 1; TRO Motion, Decl. ¶¶ 9, 10; *The Helene Newman Family Trust v. Zach Dats et al.*, No. LT-303616-26/KI, Dkt. 31 (Kings Cty. Civ. Ct.) ("*Helene Trust*"). Removal was based on Respondents' good faith belief that the eviction related to a live Chapter 7 bankruptcy

action. Notice of Removal, ¶¶ 1–2, 7; *In re Lali Sara Dats*, No. 26-22024 (SHL), Involuntary Petition, ECF No. 1 (Bankr. S.D.N.Y. 2026) ("*In re Dats*"). In fact, unbeknownst to Respondents, the bankruptcy action had been dismissed several weeks earlier, on August 17, 2026. *In re Dats*, Dismissal Order, ECF No. 23.

After Respondents removed to this Court, the state court entered a judgment in favor of Petitioner and directed a warrant of eviction to be issued. *Helene Trust*, Dkts. 35, 36. When Respondent Zach Dats moved the state court to vacate the warrant because the action had been removed, the court declined, indicating: "[n]o stay [issued] by Federal ct." *Helene Trust*, Dkt. 38. For the reasons more fully outlined in its October 28 order, this Court temporarily enjoined the eviction to preserve the status quo while it assessed whether it had subject matter jurisdiction over the underlying action.

## **DISCUSSION**

Federal district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *In re Parmalat*, 383 F. Supp. 2d 587, 606 (S.D.N.Y. 2005) (finding that § 1334(b) vests bankruptcy-related jurisdiction in federal district courts). Section 1334(b) jurisdiction extends to involuntary debtor-creditor petitions, like the one filed against Respondent Lali Sara Dats. 11 U.S.C. § 303(b) ("[a]n involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under Chapter 7 or 11 of this title"). Thus, so long as a case is "related to" "any bankruptcy case[] in federal court," removal to a federal court is proper.

*Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 639 F.3d 572, 578 (2d Cir. 2011). This is true even where the action is based on state law claims. *Id.* at 579.

Indeed, § 1334(b)'s jurisdictional grant is sweeping: "a civil proceeding is 'related to' a title 11 case if the action's 'outcome might have any "conceivable effect" on the bankrupt estate.'" *Parmalat*, 639 F.3d at 579 (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)). For example, courts find "related to" jurisdiction if the removed action can reach bankruptcy estate assets. *See Fried v. Lehman Bros. Real Estate Associates III, L.P.*, 496 B.R. 706, 709–10 (Bankr. S.D.N.Y. 2013) (finding jurisdiction because damages might draw from assets that "ha[ve] the potential to affect the execution . . . of the Lehman Plan."). To determine whether there is § 1334(b) jurisdiction, courts look to "facts at the time of removal." *In re WorldCom, Inc. Securities Litigation*, 294 B.R. 553, 556 (Bankr. S.D.N.Y. 2003).

On January 8, 2026, an involuntary petition was filed under 11 U.S.C. § 303(b) against Respondent Lali Sara Dats. *In re Dats*, Involuntary Petition, ECF No. 1. This created a bankruptcy estate. 11 U.S.C. § 541(a) ("The commencement of a case under section 301, 302, or 303 of this title creates an estate."); *see also Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 484 (2d Cir. 2014). Months later, on August 17, 2026, the bankruptcy action against Respondent Lali Sara Dats was dismissed. *In re Dats*, Dismissal Order, ECF No. 23. This rendered the estate non-existent. *In re Olympia Office LLC*, 585 B.R. 661, 669 (Bankr. E.D.N.Y. 2018). Unaware of the dismissal order, Respondents removed the state court eviction proceeding to this Court four weeks later.

Closure of a bankruptcy case does not always eliminate jurisdiction because the bankruptcy court may need to "enforce previously entered orders." *Gulf Ins. Co. v. Glasbrenner*, 343 B.R. 47, 56 (Bankr. S.D.N.Y. 2006) (citation modified). Furthermore, "dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement." *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995). But here, there is no indication that the now-dismissed bankruptcy action resulted in any orders that would be subject to enforcement; moreover, the state court eviction is not an "adversary proceeding." *See In re Garnett*, 303 B.R. 274, 279 (Bankr. E.D.N.Y. 2004) (because an "'adversary proceeding' is a term of art" referring to "proceedings . . . before a bankruptcy judge," a state court foreclosure action is not "within the purview of post-dismissal jurisdiction"). Thus, once the bankruptcy action was dismissed, any grounds for post-removal jurisdiction were vitiated. *See Crawford*, 758 F.3d at 485 ("dismissal undoes the bankruptcy case, [so] there is . . . no longer any property of the estate."). Because this Court lacks subject matter jurisdiction, remand is required. *United Mutual Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 350 (S.D.N.Y. July 8, 2002).

Pursuant to 28 U.S.C. § 1447(c), this case is hereby remanded to the state court. The state court may now resume proceedings in this case in the posture that existed on September 11, 2026, *i.e.,* the date that the notice of removal was filed with the state court clerk.[1]

---

[1] When entering the judgment of possession, issuing the warrant and notice of

SO ORDERED.

/s/ *Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: November 9, 2026
Brooklyn, New York

---

eviction, and entering its order dated October 23, 2026, the state court may have been operating under the mistaken belief that the bankruptcy dismissal meant that the usual post-removal automatic stay of further proceedings in state court was not in effect. *Helene Trust*, Dkt. 33. But under federal law, once a state court is divested of jurisdiction, all post-removal actions are void. *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020). This is because § 1446(d) operates as an automatic stay. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 640 (1977); 28 U.S.C. § 1446(d) ("[a] State court shall proceed no further unless and until the case is remanded"). Removal is perfected when a notice of removal has been filed in federal court, a notice of such removal is filed with the state court clerk, and notice is given "to all adverse parties." 28 U.S.C. § 1446(d). Respondents have submitted evidence that they fully complied with these requirements. TRO Motion, Decl. ¶¶ 9, 10; *Helene Trust*, Dkt. 31. Thus, when notice was filed with the state court on September 11, 2026, the state court was divested of jurisdiction. *U.S. ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227 (2d Cir. 1971). And jurisdiction to the state court "can only be restored . . . by an order of remand." *Otway v. City of New York*, 818 F. Supp. 659, 660 (S.D.N.Y. 1993).